UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTI L. KLUTHO, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHENANDOAH VALLEY NATIONAL )<br>BANK d/b/a SUMMIT MORTGAGE, )<br>)<br>Defendant. ) | Case No. 4:06CV1317 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, [Doc. No. 17]. Plaintiff opposes the motion and has filed a written response thereto. Defendant filed its reply and the matter is therefore fully briefed. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff's Complaint alleges that in March or April, 2006, she received in the mail promotional letters from Defendant, which Plaintiff has attached to the Complaint. Plaintiff claims that she did not authorize any credit reporting agency to provide any information about her to Defendant, nor did she authorize Defendant to obtain any information about her. The Complaint further alleges that Defendant's

letters state that Defendant accessed Plaintiff's credit report.  Plaintiff claims that this access was without authorization, and that this violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-81x. (FCRA).  According to the Complaint, Defendant's letters do not contain a "firm offer of credit" and as such, Defendant's letters do not fall within any exceptions to the FCRA's requirements that Defendant be authorized to access Plaintiff's information.

Specifically, the letters addressed to Plaintiff, provided, *inter alia* that she was guaranteed to receive a minimum home equity loan of $25,000, subject only to FCRA-approved conditions.

## **Judgment on the Pleadings Standard**

Rule 12(c) provides that, after the pleadings are closed but a reasonable time prior to trial, a party may move for judgment on the pleadings. On this motion, a court applies the same standard of review as for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir.

2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46. The Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c).

## **Discussion**

When interpreting the applicable FCRA provisions, the language and design

of the statute must be kept in mind. *Milwaukee Gun Club v. Schulz,* 979 F.2d 1252, 1255 (7th 1992). The FCRA is designed to preserve the consumer's privacy in the information maintained by the consumer reporting agencies. 15 U.S.C. § 1681(a)(4). Specifically, FCRA prohibits businesses and other entities from obtaining information from the consumer's credit report if the consumer did not initiate the transaction and if a permissible purpose does not exist. 15 U.S.C. § 1681b. One permissible purpose is obtaining a credit report for the purpose of making a "firm offer of credit." 15 U.S.C. § 1681b (c)(1)(B)(I).

The FCRA defines a "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on a consumer, to meet specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(1).

In determining "whether the offer of credit comports with the statutory definition, a court must consider the entire offer and the effect of all the material conditions that comprise the credit product in question. If, after examining the entire context, the court determines that the 'offer' was a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit." *Perry v. First National Bank,* 459 F.3d 816, 824 (7th Cir.2006) (citations omitted).

Plaintiff complains that the letters sent by Defendant violate the FCRA because they do not include the specific amount of credit being extended; they do not include any interest rate for the credit; they do not contain the amortization period of the credit; and they do not include the method under which the interest on the credit will be computed. None of these terms, however, are required in order to determine whether the letter qualifies as a "firm offer of credit" under the FCRA.

Although the Eighth Circuit Court of Appeals has yet to rule on the issue of what constitutes a "firm offer of credit," this Court has had occasion to do so. Beginning with *Pohl v. Countrywide Home Loans*, Cause Number 4:06CV928 CDP and *Klutho v. Home Loan Center, Inc.*, Cause Number 4:06CV1212 CDP, Judge Perry thoroughly analyzed the available law regarding what constitutes a "firm offer of credit." Judge Perry concluded, based on this body of developing law, that in order to determine whether the offer is distinguishable from a sales pitch, it must contain something of value, or more than nominal value.

> [The Court] need only look to whether the offer has some value, or more than nominal value, in order to distinguish it from a sales pitch. Congress carefully crafted its definition of "firm offer" and chose not to require that the lender specify particular loan terms. Instead, Congress provided a number of "outs" for a lender, including additional pre-selection criteria, verification, and collateral requirements. If Congress had wanted to require that loan amounts, interest rates, or payback times be specified in a "firm offer," it could have done so. So long as the statutory criteria are met, and so long as

> there is some value to the consumer so that the offer is not a sham or mere solicitation, then the absence of interest rates and other terms does not prevent the offer from being a "firm offer of credit."

*Pohl v. Countrywide Home Loans, Inc.*, Cause Number 4:06CV928 CDP (E.D. Mo November 1, 2006).

Subsequent to Judge Perry's opinions, similar cases have been decided based on the same analysis. See, *e.g., Bruce v. Keybank Nat. Ass'n,* WL 3743749 (N.D.Ind. 2006); *Forrest v. Universal Savings Bank F.A.* WL 3486913 (E.D.Wis. 2006); *Krey v. Jennings Chevrolet, Inc.*, WL 3392200 (N.D.Ill. 2006). Indeed, this Court agreed with Judge Perry's analysis in *Klutho v. G.E. Money Bank*, Cause Number 4:06CV1319 HEA.

Although the letters do not specifically contain certain items Plaintiff claims must be included, the letters do offer something of value, *i.e.*, a minimum home equity loan of at least $25,000.00, which is more than a nominal amount. A reasonable consumer viewing these mailers would believe that they contain some value, the minimum amount of credit to be extended. Thus, even absent a *specific* amount of money, the consumer can determine from these letters that if all other conditions are met, the consumer will be extended a minimum of $25,000.00.

Plaintiff has presented no persuasive authority for the Court to conclude that the reasoning articulated initially by Judge Perry and followed by this Court in *G.E.*

*Money Bank*, should be ignored or overruled. Clearly, the letters in question offer something of value and are therefore a firm offer of credit. As such, the letters do not run afoul of the FCRA. Defendant's motion is therefore well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, [Doc. No. 17], is granted.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 22nd day of May, 2007.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE